**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| Krizia Torres-Martínez, personally and on behalf of minor GOT,<br><br>Plaintiffs,<br><br>v.<br><br>Department of Education of Puerto Rico, and the Commonwealth of Puerto Rico,<br><br>Defendants. | Case No. 25-cv-1150<br><br>Attorney's Fees and Costs pursuant to 20 U.S.C. § 1415(i)(3)(B) |

**VERIFIED COMPLAINT**

**TO THE HONORABLE COURT:**

**NOW COME** plaintiffs, through their undersigned attorney, and very respectfully state, allege and pray as follows:

**INTRODUCTION**

1. This is an action for attorney's fees and costs brought by Mrs. Krizia Torres-Martínez, personally and on behalf of her minor son, GOT.

2. GOT is a child with disabilities, pursuant to the Individuals with Disabilities Education Improvement Act ("IDEA"), 20 U.S.C. §§ 1400 et seq.

3. This action arises under section 1415(i)(3)(B) of the IDEA which provides that a federal district court can award attorneys' fees to the parents or guardian of a child with a

disability who is a prevailing party in an administrative proceeding. See 20 U.S.C. § 1415(i)(3)(B)(i)(I). See also 34 C.F.R. § 300.517(a)(1)(i) (2010).

**JURISDICTION AND VENUE**

4. Jurisdiction is conferred on this Court by 20 U.S.C. §§ 1415 (i)(2)(A) and (i)(3)(A); 28 U.S.C. §§ 1331, 1343 (a)(4), 2201 and 1441; 20 U.S.C. § 1415. See also 34 C.F.R. § 300.516 (2010).

5. Venue is proper in this District Court pursuant to 28 U.S.C. § 1391 as the events giving rise to this claim occurred in this district, and all parties are residents of Puerto Rico.

**PARTIES**

6. Plaintiff Mrs. Krizia Torres-Martínez is the mother and legal custodian of minor GOT. See **Exhibit #1**, Unsworn Statement under Penalty of Perjury signed by Krizia Torres-Martínez on March 12, 2025.

7. Plaintiff GOT is a thirteen (13) year old student who is diagnosed with autism level 1, and attention deficit and hyperactivity disorder, conditions that require specialized education and related services to be able to receive a free appropriate public education.

8. GOT resides with her parents in the Municipality of San Juan, Puerto Rico, with the following physical and postal address:

Urbanización Summit Hills, 753 Calle Torrecilla, San Juan, PR 00920.

9. GOT is duly registered with the Department of Education of Puerto Rico ("PRDOE") as a child with disabilities with registration number 24555603 and is registered in the PRDOE's San Juan I District, San Juan Region.

10. As a child with disabilities, GOT is qualified by federal and state law to participate in the academic and related services program of the public education system administered by the PRDOE.

11. Plaintiffs request that this Honorable Court order defendants to provide the attorney's fees and costs entitled to them as prevailing parties in administrative due process cases number QEE-2324-27-04-01362 and QEE-2425-27-08-00155, as well as those incurred in the prosecution of the instant action.

12. The Department of Education of Puerto Rico is the agency of the Commonwealth of Puerto Rico responsible for providing and administering the public education system in the Commonwealth of Puerto Rico.

13. As a recipient of federal funding under the IDEA, the PRDOE is responsible for providing a free appropriate public education suited to the individual needs of minor GOT, a child with disabilities.

14. The physical address of the PRDOE is Urbanización Industrial Tres Monjitas, Avenida Federico Costas, Equina Calaf, Hato Rey, Puerto Rico, 00919, and the postal address is P.O. Box 190759, San Juan, P.R. 00917.

15. The Commonwealth of Puerto Rico is included as co-defendant due to the Department of Education of Puerto Rico's lack of capacity to sue and be sued.

16. The Commonwealth is represented by the Puerto Rico Department of Justice, whose physical address is 677 Teniente César González Street, Jesús T. Piñero Avenue Corner, San Juan, P.R., 00918, and postal address is P.O. Box 9020192, San Juan, P.R. 00902-0192.

**STATEMENT OF THE CASE**

17. On April 12, 2024, plaintiffs filed administrative due process complaint number QEE-2324-27-04-01362, asserting that the PRDOE had failed to provide GOT with a free appropriate public education (FAPE) for the 2024-2025 school years.

18. Plaintiffs requested an order mandating the development of an IDEA-compliant Individualized Education Program (IEP) for the 2024-2025 school year, along with an individual T-1 teaching assistant, multiple related services, compensatory education and related services, and a certified copy of GOT's complete academic

record.

19. On August 6, 2024, plaintiffs filed administrative due process complaint number QEE-2425-27-08-00155, requesting a duly constituted IEP team meeting to discuss and approve the psychoeducational assessment report issued to GOT on July 10, 2024, the reimbursement of the cost of such assessment, and the reimbursement of the tuition costs of GOT at the Colegio Guadalupe private school for the entire 2024-2025 school year.

20. The cases were unofficially consolidated by the PRDOE's administrative complaint due process forum and were presided by hearing officer Wanda Marín-Lugo, Esq.

21. During the administrative due process proceedings, the parties reached a settlement agreement securing all the educational and related services sought in both administrative complaints.

22. Specifically, the agreement provided for GOT's placement at Colegio Guadalupe, a private school, for the entirety of the 2024-2025 academic year at public expense.

23. Additionally, the agreement ensured that duly constituted IEP team meetings were convened, resulting in the approval of the psychoeducational assessment report issued on July 10, 2024.

24. The PRDOE also committed to reimbursing the cost of this assessment, a payment that remains outstanding. Furthermore, the agreement granted compensatory related services, thereby fully addressing GOT's educational and remedial needs.

25. The PRDOE initially elected to aggressively litigate case number QEE-2324-27-04-01362, seeking its dismissal through a motion to dismiss.

26. After full briefing on the matter, ALJ Marín-Lugo denied PRDOE's motion, allowing the case to proceed.

27. The PRDOE further required the filing of a second administrative complaint, case number QEE-2425-27-08-00155, by asserting that the change in GOT's private placement—resulting from the closure of her private school during the 2023-2024 academic year—fell outside the scope of the Administrative Law Judge's jurisdiction in case number QEE-2324-27-04-01362. This position prolonged the proceedings, adding complexity and requiring a substantial expenditure of attorney's fees and costs.

28. Both cases were informally consolidated by ALJ Marín-Lugo.

29. Following multiple hearings and ALJ-mandated IEP team meetings, ALJ Marín-Lugo issued similar final resolutions and orders in both cases on November 20, 2024, ruling in plaintiffs'

favor.

30. The final resolutions and orders issued by ALJ Marín-Lugo on November 20, 2024, directed the PRDOE to provide GOT with all the educational, related and compensatory services sought in both administrative due process complaints.

31. The resolutions issued by ALJ Marín-Lugo on November 20, 2024, in cases number QEE-2324-27-04-01362 and QEE-2425-27-08-00155 were not appealed by the PRDOE and, as a result, a final.

32. As plaintiffs secured the relief sought in due process cases QEE-2324-27-04-01362 and QEE-2425-27-08-00155, they have established their status as the prevailing party in both matters.

33. Accordingly, pursuant to 20 U.S.C. § 1415(i)(3)(B), they are entitled to recover attorney's fees and costs incurred in both administrative proceedings, as well as all additional fees and costs associated with this litigation.

**CAUSE OF ACTION**

34. Plaintiffs re-allege and incorporate paragraphs 1 through 33 of this Verified Complaint.

35. IDEA's section 1415(i)(3)(B) provides that a federal district court can award attorney's fees and costs to the parents or guardian of a child with a disability who is a prevailing party in an administrative or judicial proceeding. See also 34 C.F.R. §

300.517(a)(1)(i).

36. The relief requested in the administrative proceeding was granted by the hearing officer, making plaintiffs the prevailing party in such proceeding. Consequently, plaintiffs are entitled to attorney’s fees pursuant to 20 U.S.C. § 1415 (i)(3)(B)(i)(I).

37. Plaintiffs seek an award of attorney’s fees and costs incurred in administrative cases QEE-2324-27-04-01362 and QEE-2425-27-08-00155, as well as all additional fees and costs to be incurred throughout the course of this litigation until its final resolution.

38. Attached to this Verified Complaint are detailed invoices for the legal services provided up to date by plaintiffs’ counsel in administrative cases QEE-2324-27-04-01362 and QEE-2425-27-08-00155, and in the preparation and filing of the instant case complaint. See **Exhibit 2**, invoice number 16551, **Exhibit 3**, invoice number 16552.

39. All costs itemized in Exhibits 2 and 3 were necessarily incurred in the successful prosecution of administrative cases QEE-2324-27-04-01362 and QEE-2425-27-08-00155, and in the preparation and commencement of this civil action.

40. The hourly rate charged for the services provided by the

undersigned attorney is $175.00 per hour, charged in increments of one tenth of an hour (.10).

41. The undersigned attorney's previous hourly rate of $150.00 was established in the early 2010s and consistently upheld by this Honorable Court as reasonable and appropriate for special education litigation in Puerto Rico throughout the past decade. See, Ortiz-Cardona v. Department of Education of Puerto Rico, No. 15-3121 2017 U.S. Dist. LEXIS 72501 (D.P.R. March 24, 2017); Cintrón-Marzán v. Department of Education of Puerto Rico, No. 16-2168 (D.P.R. October 3, 2016)(ECF No. 19)(Domínguez, J.); Pérez-Ortiz v. Department of Education of Puerto Rico, No. 16-2424 (D.P.R. September 14, 2016)(ECF No. 17)(Gelpí, J.).

42. The undersigned attorney is a sole practitioner with twenty-one years of experience actively litigating civil cases in federal and state courts.

43. In May of 2000, the undersigned obtained a Bachelor of Science in Business Administration degree with majors in finance and Management, as well as a minor in economics, with honors, from the University of Florida, Warrington College of Business Administration in Gainesville, Florida.

44. The undersigned then obtained a *juris doctor* degree, with *cum laude* honors, from the University of Puerto Rico, School

of Law, in June of 2003.

45. The undersigned was admitted to the Puerto Rico Bar shortly after graduating from law school, achieving a 97-percentile result in the bar exam, and was sworn in by the Puerto Rico Supreme Court on January 26, 2004 (Bar No. 14,860).

46. On March 11, 2004, the undersigned was authorized to practice as a notary public in the Commonwealth of Puerto Rico.

47. On June 25, 2004, the undersigned was admitted to practice in this Honorable District Court (Bar No. 221714) and, on September 13, 2004, to the U.S. Court of Appeals for the First Circuit (Bar No. 100945).

48. Since 2004, the undersigned has been actively litigating multiple cases in federal and state courts.

49. As of this date, the undersigned serves as counsel in multiple reported cases before this District Court and the First Circuit. See, e.g., Lloyd's of London v. Pagán-Sánchez, 539 F.3d 19, 2008 A.M.C. 1990 (1st Cir. 2008); Vázquez-Carmona v. Department of Education of P.R., 255 F. Supp. 3d 298 (D.P.R. 2017); Arroyo-Delgado v. Department of Education of P.R., 199 F. Supp. 3d 548 (D.P.R. 2016); Torres-Serrant v. Department of Education of P.R., 100 F. Supp. 3d 138 (D.P.R. 2015); Concepción-Torres v. Commonwealth of P.R., 45 F. Supp. 3d 170 (D.P.R. 2014); Hernández-

Rodríguez v. Commonwealth of P.R., 764 F. Supp. 2d 338 (D.P.R. 2011); Sylva v. Culebra Dive Shop, 389 F. Supp. 2d 189, 2005 A.M.C. 2344 (D.P.R. 2005). See also unpublished opinions available in the LexisNexis database such as Pinzón-Bilbrault v. Commonwealth of P.R., Civil No. 10-1630 (SEC), 2011 U.S. Dist. Lexis 72698 (D.P.R. July 6, 2011); Díaz-Báez v. Alicea-Vasallo, Civil No. 10-1570 (JAG), 2011 U.S. Dist. Lexis 39225 (D.P.R. March 31, 2011); Oliver v. Kmart Corp., Civil No. 08-1660, 2009 U.S. Dist. Lexis 21473 (D.P.R. March 13, 2009); Ortiz-Zambrana v. García-Santiago, Case No. KLRA 2010-01175, 2011 PR App. Lexis 3259 (P.R. Ct. App. December 12, 2011); Rosado-Mojica v. Diagnostic Imaging Center, Case No. KLAN 2011-01386, 2011 PR App. Lexis 3600 (P.R. Ct. App. November 30, 2011); Ortiz-Zambrana v. García-Santiago, Case No. KLRA 2010-01175, 2010 PR App. Lexis 4827 (P.R. Ct. App. November 16, 2010); Pueblo International, LLC v. Plaza Las Américas, Inc., Case No. KLAN 2007-00265, 2008 PR App. Lexis 1913 (P.R. Ct. App. May 27, 2008); Popular Auto v. Vélez-Báez, Case No. KLCE 2006-01111, 2006 PR App. Lexis 3107 (P.R. Ct. App. November 30, 2006); Pueblo International, LLC v. Plaza Las Américas, Inc., Case No. KLCE 2004-00767, 2006 PR App. Lexis 1865 (P.R. Ct. App. August 25, 2006); Ayala-Rivera v. Banco Popular de P.R., Case No. KLCE 2005-00933, 2005 PR App. Lexis 2964 (P.R. Ct. App. September 26, 2005);

Simons-Burgos v. Banco Popular de P.R., Case No. KLCE 2005-00074, 2005 PR App. Lexis 00721 (P.R. Ct. App. March 28, 2005); Pueblo International, LLC v. Plaza Las Américas, Inc., Case No. KLCE 2004-01007, 2004 PR App. Lexis 1789 (P.R. Ct. App. October 13, 2004); Pueblo International, LLC v. Plaza Las Américas, Inc., Case No. KLCE 2004-00572, 2004 PR App. Lexis 0781 (P.R. Ct. App. May 24, 2004).

50. For seventeen years, counsel for the appearing parties has effectively represented clients in hundreds of special education cases before administrative forums all over the Island, and in local and federal courts. See, e.g., Rojas-Mercado v. PRDOE, 2008-014-011, 2010-014-001; Delgado-López v. PRDOE, 2009-098-022, 2011-098-003, 2011-098-017; Mercado-Nieves v. Commonwealth of P.R., KPE 2010-1188 (907), KPE 2010-2188 (907), 10-1737 (JP/JAF); López-Lamboy v. Commonwealth of P.R., 10-1316 (FAB)(JA); Román-Hernández v. PRDOE, 2010-032-002, 2010-032-005; Candelaria-Agrón v. Commonwealth of P.R., KPE 2010-1737 (907); Vázquez-Padilla v. Commonwealth of P.R., 10-1966 (FAB); Santa-López v. PRDOE, 2010-021-011; Santa-Rodríguez v. Commonwealth of P.R., 11-1086 (SEC); García-García v. PRDOE, 2009-09-042, 2010-69-058; García-Mejías v. Commonwealth of P.R., KPE 2010-2964 (907), KPE 2010-4452 (907), 11-1247 (JAG)(BJM); Hernández-Rodríguez v. Commonwealth of P.R.,

764 F. Supp. 2d 338 (D.P.R. 2011); Oliveras-Rivera v. Commonwealth of P.R., KPE 2010-3332 (907), KPE 2010-3333 (904), 10-2218 (GAG); López-Castro v. Commonwealth of P.R., KPE 2010-4828 (904), 11-1299 (DRD).

51. Plaintiffs' counsel has participated in three IDEA cases before this District Court that resulted in published opinions. See Torres-Serrant v. Department of Education of P.R., 100 F. Supp. 3d 138 (D.P.R. 2015); Concepción-Torres v. Commonwealth of P.R., 45 F. Supp. 3d 338 (D.P.R. 2014); Hernández-Rodríguez v. Commonwealth of P.R., 764 F. Supp. 2d 338 (D.P.R. 2011).

52. Given the undersigned attorney's educational background, practical experience, the current inflationary period, and the rising costs of living and doing business in Puerto Rico, the $175.00 hourly rate should be upheld as reasonable by this Honorable Court.

53. Plaintiffs' counsel's hourly rate of $175.00 falls within the prevailing range for attorneys in Puerto Rico's legal community handling specialized cases such as the one at bar.

54. Since the early 2000s, this District Court has ordered, and the Department of Education has accepted hourly rates of $200.00 or higher in cases like the one at hand. See, e.g., Zayas v. Commonwealth of Puerto Rico, 451 F. Supp. 2d 310, 315-16 (D.P.R.

2006). See also Gonzalez v. P.R. Dept. of Education, 1 F. Supp. 2d 111, 115 (D.P.R. 1998) (deeming as reasonable a $135.00 hourly rate for a Puerto Rico attorney twenty-seven (27) years ago).

55. The undersigned counsel's hourly rate of $175.00, billed in one-tenth (.10) increments, should be deemed reasonable given counsel's extensive experience and proven track record in federal and state special education litigation.

**PRAYER FOR RELIEF**

**WHEREFORE,** plaintiffs respectfully request that this Honorable Court enter judgment in their favor and hold defendants liable for the payment of the attorney's fees and costs incurred in administrative due process cases QEE-2324-27-04-01362 and QEE-2425-27-08-00155, plus any additional fees and costs incurred in the prosecution of this action, as well as any other and further relief deemed just and proper.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 13th day of March 2025.

*s/ Francisco J. Vizcarrondo Torres*
Francisco J. Vizcarrondo-Torres
USDC No. 221714
PO Box 270302
San Juan, P.R. 00928-3102
Tel: 787-296-9521
fvizcarrondo@fjvtlaw.com
www.fjvtlaw.com